THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cynthia Suttles, Respondent,
 
 
 

v.

 
 
 
 Brahim Salam, Appellant.
 
 
 

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

Unpublished Opinion No. 2011-UP-296   
 Submitted June 1, 2011  Filed June 14,
2011

AFFIRMED

 
 
 
 Brahim Salam, pro se, of Mauldin, for
 Appellant.
 Cynthia Suttles, pro se, of Greenville,
 for Respondent. 
 
 
 

PER CURIAM:  Brahim
 Salam appeals the family court order requiring Salam to pay Cynthia Suttles
 $1,000 per month in permanent, periodic alimony and $5,315.13 in attorney's fees.  Salam argues the family court erred in (1) failing
 to consider Salam's two dependents, length of the marriage, the educational
 background of both parties, and the health of both parties in the determination
 of the proper amount of alimony; and (2) failing to consider Salam's own legal
 fees and his obligation to his dependents in awarding attorney's fees.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1.  As to
 whether the family court erred in awarding alimony: Bodkin v. Bodkin, 388 S.C. 203, 215, 694 S.E.2d 230, 237 (Ct. App. 2010) ("The
 amount to be awarded for alimony, as well as a determination of whether a
 spouse is entitled to alimony, is within the sound discretion of the family
 court.  An abuse of discretion occurs when the decision is controlled by an
 error of law or is based on factual findings without evidentiary support.")
 (citations omitted); S.C. Code Ann. § 20‑3‑130(C) (Supp. 2010)
 ("In making an award of alimony or separate maintenance and support, the court
 must consider and give weight in such proportion as it finds appropriate to all
 of the following factors: (1) the duration of the marriage together with the
 ages of the parties at the time of the marriage and at the time of the divorce
 or separate maintenance action between the parties; (2)
 the physical and emotional condition of each spouse; (3)
 the educational background of each spouse, together with need of each spouse
 for additional training or education in order to achieve that spouse's income
 potential; (4)
 the employment history and earning potential of each spouse; (5)
 the standard of living established during the marriage; (6)
 the current and reasonably anticipated earnings of both spouses; (7)
 the current and reasonably anticipated expenses and needs of both spouses; (8)
 the marital and nonmarital properties of the parties, including those
 apportioned to him or her in the divorce or separate maintenance action; (9)
 custody of the children, particularly where conditions or circumstances render it
 appropriate that the custodian not be required to seek employment outside the
 home, or where the employment must be of a limited nature; (10)
 marital misconduct or fault of either or both parties, whether or not used as a
 basis for a divorce or separate maintenance decree if the misconduct affects or
 has affected the economic circumstances of the parties, or contributed to the
 breakup of the marriage, except that no evidence of personal conduct which may
 otherwise be relevant and material for the purpose of this subsection may be
 considered with regard to this subsection if the conduct took place subsequent
 to the happening of the earliest of (a) the formal signing of a written
 property or marital settlement agreement or (b) entry of a permanent order of separate
 maintenance and support or of a permanent order approving a property or marital
 settlement agreement between the parties; (11)
 the tax consequences to each party as a result of the particular form of
 support awarded; (12)
 the existence and extent of any support obligation from a prior marriage or for
 any other reason of either party; and (13)
 such other factors the court considers relevant.").  
2.  As to whether the family
 court erred in awarding attorney's fees: Bennett v. Rector, 389 S.C.
 274, 284, 697 S.E.2d 715, 720 (Ct. App. 2010) ("The family court has
 discretion in deciding whether to award attorney's fees, and its decision will
 not be overturned absent an abuse of discretion.  An abuse of discretion occurs
 when the decision is controlled by an error of law or is based on factual
 findings lacking evidentiary support.") (citation omitted); E.D.M. v.
 T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In
 determining whether an attorney's fee should be awarded, the following factors
 should be considered: (1) the party's ability to pay his/her own attorney's fee;
 (2) beneficial results obtained by the attorney; (3) the parties'
 respective financial conditions; (4) effect of the attorney's
 fee on each party's standard of living.").
AFFIRMED.
SHORT, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.